**FOX ROTHSCHILD LLP**
By: Jonathan D. Ash, Esq. (Bar I.D. 022332007)
    Ian C. Gillen. Esq. (Bar I.D. 338392020)
212 Carnegie Center, Suite 400
Princeton, New Jersey 08540
(609) 896-3600
jash@foxrothschild.com
igillen@foxrothschild.com

*Attorneys for Defendant*
*Tabula Rasa HealthCare Group, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AIMEE MORAN, <br><br> Plaintiff, <br><br> v. <br><br> TABULA RASA HEALTHCARE GROUP, INC. <br><br> Defendant. | Case No.: 1:25-cv-01571-RMB-AMD <br><br> **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Tabula Rasa HealthCare Group, Inc. ("Defendant"), by and through its attorneys, Fox Rothschild LLP, for Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff, Aimee Moran ("Plaintiff" or "Moran"), hereby states and alleges as follows:

169338084.2

## PRELIMINARY STATEMENT[1]

Defendant objects to Plaintiff's use of a preliminary statement without numbered paragraphs. Plaintiff's preliminary statement contains legal conclusions to which no responsive pleading is required. Defendant denies each and every factual averment contained therein.

## PARTIES, JURISDICTION, & VENUE

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2. Admitted in part and denied in part as this paragraph identifies the incorrect entity identification number.

3. Admitted.

4. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 4.

5. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 5.

---

[1] To the extent the headings used in Plaintiff's Complaint require a responsive pleading, each and every heading used is expressly denied.

## FACTUAL BACKGROUND

6.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

7.  Denied.

8.  Admitted.

9.  Admitted.

10. Admitted.

11. Admitted that the role of Inventory Associate required, in part, Plaintiff to receive and transport prescriptions.

12. Admitted.

13. Admitted.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies them.

15. Admitted that Plaintiff requested medical leave, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16. Denied.

17. Admitted.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies them.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted that Plaintiff sent a return to work note, along with a "request for accommodation" form on August 6, 2024. The remaining allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 23.

24. Admitted.

25. Admitted.

    a. Denied.

    b. Admitted.

    c. Denied.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted that the quoted language is part of an email sent on August 7, 2024.

30. Admitted that the quoted language is part of an email sent on August 7, 2024.

31. Admitted.

32. Admitted that the doctor's request stated Plaintiff "must be allowed to take step away as needed for 5-10 minutes" and that the quoted language is part of an email sent on August 26, 2024.

33. Admitted that the doctor's request stated Plaintiff "must be allowed to use noise canceling headphones as needed at work" and that the quoted language is part of an email sent on August 26, 2024.

34. Admitted that the doctor's request stated Plaintiff "may need 1 day a month (8 hours) of sick time for flares" and that the quoted language is part of an email sent on August 26, 2024.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies them.

36. Denied.

37. Admitted.

38. Admitted.

39. Admitted that the quoted language is part of an email sent on September 11, 2024.

40. Admitted that the quoted language is part of an email sent on September 11, 2024.

41. Admitted that the quoted language is part of an email sent on September 11, 2024.

42. Admitted.

43. Admitted that the quoted language is part of an email sent on September 13, 2024.

44. Denied.

## COUNT I
## FMLA FAILURE TO RESTORE

45. Defendant repeats and incorporates by reference each and every response to each allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

46. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 46.

169338084.2

47. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 47.

48. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 48.

49. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 49.

50. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 50.

51. Admitted.

52. Admitted.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint, and therefore denies them.

54. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 54.

55. Admitted.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint, and therefore denies them.

57. Denied.

58. Denied.

59. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 59.

60. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 60.

**WHEREFORE,** Defendant respectfully requests that Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court deems just and equitable and that judgment be entered in Defendant's favor.

## COUNT II
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH

61. Defendant repeats and incorporates by reference each and every response to each allegation set forth in Paragraphs 1 through 60 as if fully set forth herein.

62. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 62.

63. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 63.

64. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 64.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 74.

75. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 75.

**WHEREFORE,** Defendant respectfully requests that Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court deems just and equitable and that judgment be entered in Defendant's favor.

## COUNT III
## FAILURE TO ACCOMMODATE

76. Defendant repeats and incorporates by reference each and every response to each allegation set forth in Paragraphs 1 through 75 as if fully set forth herein.

77. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 77.

78. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 78.

79. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 79.

80. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 80.

81. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 81.

82. Admitted.

83. Denied.

84. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 84.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

**WHEREFORE,** Defendant respectfully requests that Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court deems just and equitable and that judgment be entered in Defendant's favor.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendant asserts the following defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to state a claim upon which an award of punitive damages can be granted.

3. The Complaint fails to state a claim upon which an award of counsel fees, costs, or interest can be granted.

4. The Complaint fails to state a claim upon which an award of compensatory damages can be granted.

5. The Complaint fails to state a claim upon which equitable relief can be granted.

6. Plaintiff has waived any claims she may have, which are denied, to seek relief against Defendant.

7. The Complaint is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

8. Defendant employed Plaintiff on an at-will basis and, therefore, could terminate her employment at any time with or without notice and with or without cause.

9. Assuming cause was necessary to terminate Plaintiff's employment, which Defendant denies, then Defendant had just cause for the termination of Plaintiff's employment.

10. Plaintiff's claims are barred by the doctrine of unclean hands, laches, and waiver.

11. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

12. Plaintiff's claims or the damages she may recover, are barred or at least reduced by her failure to mitigate damages.

13. Insofar as Plaintiff purports to allege a claim or claims for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers Compensation Act, N.J.S.A. 34:15-1 et seq.

14. Plaintiff's claims are barred because Defendant relied on legitimate non-retaliatory reasons in all decisions relating to the terms and conditions of Plaintiff's employment.

15. At all times, Defendant acted in good faith and without malice.

16. Defendant did not engage in any illegal or unethical conduct.

17. To the extent that it seeks punitive damages, the Complaint violates Defendant's right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New Jersey.

18. Defendant did not violate the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq.

19. Defendants did not violate the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

20. Defendant asserts every available defense to themselves under the NJLAD.

21. Defendant asserts every available defense to themselves under the FMLA.

22. Defendant maintains adequate policies that are designed to address the complained-of issues and Plaintiff failed to avail herself of those policies.

23. Defendant's conduct was justified in furtherance of a legitimate business interest.

24. Plaintiff's claims are barred or limited by after acquired evidence.

25. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to show that Defendant's alleged actions caused any damages.

26. Defendant is not liable for any damages allegedly suffered by Plaintiff inasmuch as such damages were not legally or proximately caused by any acts or omissions of Defendant.

27. The injuries, damages or losses alleged in the Complaint are not the result of a negligent, reckless or intentional act or omission of Defendant.

28. Defendant has not knowingly or intentionally waived any applicable affirmative defense. Defendant hereby reserves its right to assert any other separate and affirmative defenses that discovery reveals to be applicable in this case, such that a failure to assert such separate and affirmative defenses herein does not constitute a waiver of same.

**WHEREFORE,** Defendant respectfully requests that Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court deems just and equitable and that judgment be entered in Defendant's favor.

Dated: March 21, 2025						**FOX ROTHSCHILD LLP**
								*Attorneys for Defendant Tabula Rasa*
								*HealthCare Group, Inc.*

								_____
								Jonathan D. Ash

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify under penalty of perjury under the laws of the United States of America that the matter in controversy is not the subject of any other action or proceeding pending in any other court or any pending arbitration or administrative proceeding.

Dated: March 21, 2025  **FOX ROTHSCHILD LLP**
*Attorneys for Defendant*
*Tabula Rasa HealthCare Group, Inc.*

Jonathan D. Ash

## CERTIFICATE OF SERVICE

I, Jonathan D. Ash, certify that the foregoing Answer and Affirmative Defenses is being served via e-filing, on the below date, upon:

Franklin J. Rooks, Esq.
Morgan Rooks, P.C.
525 Route 73 North, Suite 104
Marlton, New Jersey 08053
*Attorneys for Plaintiff*

Dated: March 21, 2025

Jonathan D. Ash, Esq.

169338084.2